**MADSEN IRON WORKS v. WOOD et al.**
**No. 1468–Y.**

District Court, S. D. California.
Central Division.

Feb. 24, 1941.

R. Welton Whann, of Los Angeles, Cal., for plaintiff.

Roy C. Hackley, Jr., and Jack E. Hursh, both of San Francisco, Cal., for defendants.

YANKWICH, District Judge.

The above entitled cause was tried before the late District Judge WILLIAM P. JAMES. On August 1, 1940, the cause was transferred to me. On stipulation of counsel, approved by me on August 6, 1940, it was agreed that the cause might be considered and decided by me upon the pleadings and files in the cause and the testimony, oral and documentary, received during the trial of said cause before Judge JAMES and briefs to be filed thereafter as theretofore stipulated.

In view of the fact that the defendants had filed a cross bill in the suit, they were allowed, under the original order of submission of Judge JAMES, to file simultaneous briefs, upon the premise that each of the parties to the suit was both an actor and a defendant. After delays made necessary by the substitution of judges and the adjustment of the argument by counsel to the needs of a judge who did not hear the testimony, but must read it in print, final briefs were filed simultaneously on January 22, 1941.

However, in view of the length of the record, and the file, the Court (as counsel were informed) began its consideration before the final briefs were actually filed, as the main briefs, four in number, exchanged up to November 6, 1940, fully set forth the position of the parties.

And now the Court, having considered the issues raised by the bill of complaint and the answer thereto and the cross complaint of the defendants and the answer of the plaintiff thereto, and the transcript of the evidence, oral and documentary, introduced in the trial of the said cause, and the law and all the six briefs of counsel, finds in favor of the defendants and orders that a declaration in favor of the plaintiff be denied and the plaintiff's bill of complaint be and it is hereby dismissed, and that, on the cross complaint, the defendants have an interlocutory judgment and decree against the plaintiff ordering and decreeing that Letters Patent No. 1,997,959 are valid as to the claims in suit, Claims 4, 5, 7, 17, 20, 21 and 22, and that the accused structure, the Madsen Road Pug No. 4, infringes said claims 4, 5, 17, 20, 21 and 22 and each of them.

As a guide to counsel in preparing the findings and decree, the Court states, briefly, its grounds of decision:

■ ˙ I. The Court is of the view that the Wood Patent No. 1,997,959 is valid as to the claims in suit—Claims 4, 5, 7, 17, 20, 21 and 22.

The object of the invention, as stated in the specifications, is to provide "a road material mixing machine wherein dirt, sand, gravel or other material forming the surface or shoulders of a road, or the like, may be thoroughly mixed with oil or any suitable binder for the formation of a road surface, and more particularly, to provide a machine adapted to travel over the road, or surface to be treated, and which is capable of gathering up the material while traveling over the surface and then thoroughly mixing the material with a binder and finally redepositing the material in a condition to be levelled off and rolled or otherwise compacted to form a finished road surface."

The result attained is a machine which moves continuously along a surface, removes road surfacing material, passes it through a drum, mixing it with oil or a binder, and discharges it behind the machine to be rolled or compacted to form.

This is invention over the prior art.

The plaintiff's best references against the claim of invention are Murray, No. 884,-843, received only as to the state of prior art, and Popkess, No. 1,062,113, of which the defendants were given the statutory notice, so as to warrant its consideration on the claim of anticipation.

Murray, from all that appears from the record, is purely a paper patent. No construction of a structure, according to its teachings, or successful operation of it was ever shown. It is clearly an oil spreader intended to introduce a quantity of oil at subsurface level while the machine advances. It lacks entirely the essential feature of the Wood patent, the mixing drum or chamber in which the material is worked. It has no enclosed drum at all, no means for mixing road surface material with a binder and no means of confining

the materials so as to permit the mixing operation. Nor does it have an extension of any conveying and mixing means, operating in any mixing area proceeding forward to the mixing drum. Nor does it achieve the same results—that of picking up material from the surface, passing it through a mixing drum and thoroughly mixing it with a binder and discharging it out of the rear of the drum to form a surface for the road. .

Popkess was cited by the Examiner as a reference against Wood and finally rejected as an anticipation, evidently as a result of the argument that it lacked an extension of the conveying and mixing means forward of the mixing drum, that the mixing drum lacked vertical adjustability, and that, on the whole, it operated differently.

It is unnecessary to discuss in detail the other references. Some of them—like Popkess No. 1,370,764, Julian No. 1,332,987, Drake No. 865,365 and Kernan No. 1,444,-794—were considered by the Patent Office during the pendency of the Wood application. (See file wrapper pages 41 et seq., 72 et seq.)

■ II. The Court is of the view that the accused structure, Madsen Road Pug No. 4, infringes Claims 4, 5, 7, 17, 20, 21 and 22.

This structure presents all the elements of identity of structure, operation, function or result to be achieved which, despite ephemeral deviations, within the range of equivalency, constitute infringement.

Claim 4 is typical. It reads: "4. A road material mixing machine comprising (1) a main frame mounted to travel over a road to be surfaced, (2) a frame supported by the main frame, (3) means for vertically adjusting said frame with relation to the main frame, (4) a cylinder supported in the vertically adjustable frame, (5) a conveying and mixing mechanism rotatably mounted in the cylinder, and (6) means carried by the vertically adjustable frame for gathering and delivering road surfacing material to be treated to the front end of the cylinder, (7) said rotatable conveying and mixing mechanism in the cylinder having an extension beyond the front end of the cylinder to engage with, and initially act upon the scooped up material before it reaches the cylinder and to operate to assist in feeding said material into the cylinder as the machine progresses." *(Numerals added)*

The chief elements of the combination embodied in this and the other claims are a conveying means including an extension of the conveying and mixing mechanism in the mixing drum, positioned ahead of the scraper blade and mixing drum, in a position to work in the road surfacing material as it is piled up in front of the scraper blade and mixing drum by the action of the gathering blades or mold boards and scraper blade during the progress of the machine, said conveying means extension acting to assist in feeding the material, as it piles up, over the scraper blade and into and through the mixing drum.

And these elements are present in the Wood structure and the accused Madsen Road Pug No. 4.

The similarity between the two is made more apparent if we compare them with reference to each of the seven elements of this claim. The result is this:

(1) Both are road material mixing machines consisting of a main frame, adapted to be connected to a tractor to travel over a road to be surfaced.

(2) Both have a main frame which ties the running gear elements together, and a superstructure frame, or auxiliary frame structure.

(3) In both the superstructure frame is adjusted with relation to the main frame.

(4) Both have a mixing drum or cylinder. •

(5) Like Wood, Madsen has a mixing and conveying means—the shafts and paddles. Wood is not limited to a screw type conveyor.

(6) Both have means for carrying and delivering road surfacing material to be treated to the front of the cylinder. In the Wood structure, it is chiefly a ribbon-like, continuous helix supported on radial arms and moving with a rotating shaft. In the Madsen structure, it is a double helix formed of the paddles and a single helix ribbon. In both structures, the material is moved inwardly towards the scraping blade. Both mix the material while in transit, receive oil, and discharge the material from the rear as the machine moves along.

(7) Both have forward extension of carrying means. This extends beyond the front end of the mixing chamber. It operates to assist in feeding the material into the cylinder or chamber as the machine moves forward.

There is also identity of structure, function or result, as to the added elements, found in the other claims in suit, such as, scraper blades (Claim 5), shaft extending through the cylinder (Claim 7), the open-ended horizontal cylinder and cover member (Claim 17), mixing cylinder mounted on vehicle (Claim 21), supporting runners and means for treating the material with a binder (Claim 22). (See Note at end of opinion.)

Findings and interlocutory decree and order of reference to be prepared by counsel for the defendants and cross plaintiffs, under Local Rule 8, in accordance with the view here expressed.

The interlocutory decree shall also provide for an injunction to issue out of this court enjoining and restraining plaintiff and cross defendant, its officers, servants and employees, from making directly or indirectly, or causing to be made, selling or causing to be sold, or using or causing to be used, Madsen Road Pug No. 4, or structures of like character, and for the defendants' costs, and that a reference be had to the Honorable David B. Head, as Master, for an accounting, to ascertain the damages and profits, if any, to be recovered by the defendants and cross complainants herein.

NOTE.—For a better understanding of the comparison of the two structures, we reproduce here a portion of Plaintiff's Exhibit 2, Plaintiff's Exhibit 2-a and Joint Exhibits 1 and 2.

The portion of the Plaintiff's Exhibit 2 shows, in Fig. 1, a side elevation of the Wood machine, in Fig. 2 a perspective view of the vertically adjustable machine.

Exhibit 2-a shows, in Fig. 7, an enlarged central vertical longitudinal section of the mixing cylinder. It also shows the rotatable conveyor and mixer mounted within the cylinder and the manner in which it is driven. Fig. 8 is a vertical cross section taken on Line VIII–VIII of Fig. 1. Fig. 9 is a vertical cross section taken on Line IX–IX of Fig. 1.

Joint Exhibits 1 and 2 are detailed drawings of the accused structure, Madsen Road Pug No. 4, drawn, during the course of the trial, by a draftsman approved by the Court. The legends on them indicate clearly the position or section each represents.

PORTION OF PLAINTIFF'S
EXHIBIT 2

PLAINTIFF'S
EXHIBIT 2-a

April 16, 1935.     C. W. WOOD     1,997,959
ROAD MATERIAL MIXING MACHINE
Filed July 3, 1933     4 Sheets-Sheet 1

April 16, 1935.     C. W. WOOD     1,997,959
ROAD MATERIAL MIXING MACHINE
Filed July 3, 1933     4 Sheets-Sheet 4

**JOINT EXHIBIT 2**